**FLYNN ex rel. WONG CHEE MING v. TILLINGHAST, Commissioner of Immigration.**

**No. 2498.**

Circuit Court of Appeals, First Circuit.

Feb. 11, 1931.

Walter Bates Farr, of Boston, Mass. (E. F. Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an order of the federal District Court for Massachusetts dismissing a petition for a writ of habeas corpus and denying the writ. The petitioner, Wong Chee Ming, applied in 1930 for admission to the United States at the port of Boston as a minor and son of one Wong Yen, a Chinese merchant lawfully domiciled and carrying on business at New Haven, Conn. He arrived at Boston on the 7th of May, 1930, and shortly thereafter was accorded a hearing before a Board of Special Inquiry. While the Board was satisfied as to the mercantile status of the alleged father, and that the applicant was a minor, it was not satisfied as to the claimed relationship, and recommended that he be excluded. An appeal was taken to the Secretary of Labor, where the decision of the Board of Special Inquiry was affirmed and deportation ordered.

Thereafter, on July 11, 1930, a petition for writ of habeas corpus was filed in the District Court, and after hearing it was ordered that the petition be dismissed and the writ denied. It is from this order or decree that the present appeal is taken.

At the hearing before us it was not contended, and was admitted that it could not be, "in view of the decision of this court in the case of Moy Said Ching v. Tillinghast, 21 F. (2d) 810, that the excluding decision had no support in the evidence, since the father's statements in 1913 and 1917 could be regarded by the Immigration Authorities not only as affecting his credibility in the instant case, but as affirmative proof of the facts stated" in the excluding decision. It was, however, urged that the excluding decision, although having such support in the evidence, was arbitrary and unfair "because of the utter failure of the Immigration Authorities to consider at all" certain affidavits made and subscribed to by the applicant, his alleged fa-

ther, his alleged mother, and another Chinese, at Hong Kong on March 27, 1930, before a vice consul of the United States and just before leaving China for this country. These affidavits were, in substance, that the applicant was the son of Wong Yen and his wife Wong Quan Shee.

There was also evidence that these four people made a journey from the home village to Hong Kong for the purpose of making the affidavits before the vice consul. The reason advanced by counsel for the applicant in support of the contention that these affidavits were not considered by the respective boards is, in substance, that in their decisions they failed specifically to allude to them, and therefore they did not consider them, and their action was arbitrary and unfair.

■ . The affidavits were received in evidence. In the record it 'is specifically stated that "these [affidavits] are considered and made a part of this record" and we do not think that, because the respective boards in their decisions did not specifically refer to them, they were not taken into consideration in reaching their conclusions. In their decisions they discussed the general question to which these affidavits related—the paternity of the applicant—and we would not be justified in saying they did not consider them, because they did not specifically refer to them or because they called particular attention to evidence which, if believed, would show that what was stated in the affidavits was untrue.

■ There was evidence that, when the alleged father came to this country in 1913, he stated to the immigration authorities on entering the country that he was unmarried. He came into the country in February or March, 1913. According to the evidence the applicant was born in September, 1913. If the alleged father was not married in 1913, as he then stated, he could not be the father of the applicant. The alleged father, not only stated in 1913 that he was unmarried, but, when called upon to testify in behalf of another Chinese in 1917 or 1918, he then stated to the immigration authorities that he was unmarried. So far as the evidence shows he has always taken the position before the immigration authorities that he was unmarried down to 1927, when the applicant first applied for admission to the country and was rejected. Since that attempt to bring in the applicant he has testified that he was married as far back as 1910. If he was born November 26, 1895, the date which he insisted was his birthday as late as 1927, and if, as he now

claims, he was married in 1910, he could not have been more than thirteen or fourteen years old and a student when he was married—a not very probable thing, which may account for his now saying that he was born in November, 1893.

The evidence shows that the alleged father had no regard for the truth, even under oath, when he thought the truth would conflict with the object he had in mind. The bias complained of, if the immigration authorities had any, was evidently of a legitimate character and due to the untruthful nature of the testimony submitted for their consideration.

The order or decree of the District Court is affirmed.